REQUESTED BY: Dear Senator Chambers:
In your letter of February 25, 1980, you called to our attention Legislative Bill 746 which would refer to the voters of cities of the metropolitan class at the 1980 general election the question of whether the members of their city councils would be elected and/or recalled by district or at large.
This legislation would further provide that if less than a majority of those voting favor election and recall by district, such action would be thereafter conducted under local law.
As you further point out in your letter, Nebraska state law currently provides for election and recall of city council members and cities of the metropolitan class by district. (LB 329, 1979, section 14-210, et seq., R.S.Supp., 1979). The effect of Legislative Bill 746 would then be to refer this existing legislation back to the electors of cities of the metropolitan class for their approval or rejection.
You ask whether this may constitutionally by done. We think not. We have on several previous occasions considered the constitutionality of similar proposals. In Opinion No. 21, dated February 13, 1979, in which we referred to our Opinion No. 46, dated April 26, 1965, we stated:
 ". . . In the first place, section 1 of Article III of our constitution provides that `the legislative authority of the state shall be vested in the legislature.' It then provides that, `the people . . . reserve power at their own option to approve or reject at the polls any act, item, section, or part of any act passed by the Legislature.' The option is not given to the Legislature to refer laws to the people. . . ."
Our constitution does provide for the holding of a referendum on existing state law however such a referendum may be initiated only by the people. While we recognize that in certain circumstances the voters of the state or a particular subdivision might, by the Legislature, be given an opportunity to determine by popular vote whether certain legislation or certain options as to legislation might apply to them, we find a proposal such as LB 746, which would involve the amendment or repeal of existing legislation by popular vote of a municipality at best constitutionally suspect.
In light of our opinion as to the constitutional propriety of referring existing law to the voters of a municipality in this manner, we believe your further questions concerning the effects of various outcomes of such a popular vote to be premature. If however, we can be of any further assistance to you on this matter, please let us know.